IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Jeffrey K. Campbell,<br>Cheryl L. Campbell,<br><br>            Plaintiffs,<br><br>v.<br><br>Avis Budget Group, Inc.,<br><br>            Defendant. | Case No. 6:24-cv-03982-JDA<br><br>**OPINION AND ORDER** |

This matter is before the Court on Defendant's motion to dismiss or, alternatively, to transfer venue. [Doc. 8.] The motion has been fully briefed [Docs. 9; 10] and is ripe for review.

## **BACKGROUND**[1]

Plaintiffs, Jeffrey K. Campbell ("Jeffrey") and Cheryl L. Campbell ("Cheryl"), reside in Greer, South Carolina. [Doc. 1 ¶ 1.] Defendant Avis Budget Group, Inc. is a Delaware corporation headquartered in New Jersey that operates car rental offices throughout the country, including in Wichita, Kansas. [*Id.* ¶¶ 2–3.]

On January 11, 2024, Jeffrey took a flight to Wichita, Kansas, to help settle his son at Garden City Junior College, in Garden City, Kansas. [*Id.* ¶¶ 10, 11.] Jeffrey had reserved a rental car with Defendant before leaving home, and he picked up the vehicle at Defendant's depot at the Dwight D. Eisenhower National Airport, in Wichita. [*Id.* ¶ 10;

---

[1] The facts included in this Background section are taken directly from the Complaint and Plaintiff's affidavit submitted in opposition to the motion to dismiss. [Docs. 1; 9-2.]

Doc. 9-2 ¶ 4.]  Jeffrey drove the rental car to Garden City, Kansas, the same day.  [Doc. 1 ¶ 11.]

Driving back to the airport on January 14, Jeffrey was stopped by officers of the Kansas City Highway Patrol, Kingman County, and the City of Goddard.  [*Id.* ¶¶ 12, 14.]  The officers approached Jeffrey with their weapons drawn and proceeded to forcibly remove him from the rental car, handcuff him, and place him in a patrol car, informing him that he was driving a stolen vehicle.  [*Id.* ¶¶ 15–17.]  Plaintiff suffered injuries as a result of the incident, for which he received treatment—including hospitalization and surgery—upon his return to South Carolina.  [*Id.* ¶¶ 18, 23–28.]

In this action, Plaintiffs allege Defendant acted negligently or recklessly by, among other actions, reporting as stolen the license plate that was on Jeffrey's rental car and/or failing to notify law enforcement that the plate had been recovered.  [*Id.* ¶ 32.]  Plaintiffs assert claims of negligence and loss of consortium, and they seek actual and punitive damages.  [*Id.* ¶¶ 30–39; *id.* at 6.]

## APPLICABLE LAW

**Rule 12(b)(2) Standard**

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a claim should be dismissed when the court lacks personal jurisdiction over the defendant.  Personal jurisdiction in federal courts is typically determined by whether the defendant would be "subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A).  In determining whether South Carolina state law would authorize personal jurisdiction over defendants, the Court properly examines

2

both the state long arm statute and the due process requirements of the Fourteenth Amendment. *ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 623 (4th Cir. 1997).

South Carolina's long arm statute provides

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's:
>
> (1) transacting any business in this State;
>
> (2) contracting to supply services or things in the State;
>
> (3) commission of a tortious act in whole or in part in this State;
>
> (4) causing tortious injury or death in this State by an act or omission outside this State if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this State;
>
> (5) having an interest in, using, or possessing real property in this State;
>
> (6) contracting to insure any person, property, or risk located within this State at the time of contracting;
>
> (7) entry into a contract to be performed in whole or in part by either party in this State; or
>
> (8) production, manufacture, or distribution of goods with the reasonable expectation that those goods are to be used or consumed in this State and are so used or consumed.

S.C. Code Ann. § 36-2-803. "South Carolina's long-arm statute has been interpreted to reach the outer bounds permitted by the Due Process Clause." *ESAB Grp.*, 126 F.3d at 623. Therefore, the appropriate question for the Court in considering a personal

jurisdiction defense raised by an out-of-state defendant is whether that defendant has "established minimum contacts with [South Carolina] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* (alteration in original) (internal quotation marks omitted).

Personal jurisdiction may arise through specific jurisdiction, based on the conduct alleged in the suit, or through general jurisdiction. *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 711 (4th Cir. 2002). To determine whether specific jurisdiction exists, courts should examine "(1) the extent to which the defendant 'purposefully avail[ed]' itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *Id.* at 712 (alteration in original). If the defendant's contacts with the state are not the basis of the suit, then general jurisdiction must come from more persistent, unrelated contacts with the state; "the defendant's activities in the [s]tate must have been continuous and systematic." *Id.* (internal quotation marks omitted). Stated differently, the defendant's actions must be "so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945).

A plaintiff has the burden of proving that a court has personal jurisdiction over a defendant. *See In re Celotex Corp.*, 124 F.3d 619, 628 (4th Cir. 1997). If a court does not hold an evidentiary hearing, a plaintiff need only make a prima facie showing of personal jurisdiction. *Mylan Lab'ys, Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993). In considering whether a plaintiff has met this burden, the Court draws all reasonable

inferences arising from the proof in a plaintiff's favor and resolves all factual disputes to the benefit of the plaintiff.  *Id.*  Both sides may present proof on the issue.  *See id.* at 62.

## DISCUSSION

Having reviewed the allegations and relevant case law, the Court concludes that it does not have personal jurisdiction over Defendant.

**General Jurisdiction**

As previously stated, general jurisdiction requires that a nonresident defendant's activities in the state be "continuous and systematic." *ALS Scan*, 293 F.3d at 712 (internal quotation marks omitted).  Indeed, a "court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the [s]tate are so 'continuous and systematic' as to render them essentially at home in the forum [s]tate." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).  The "paradigm forums where [a] corporation[ is] fairly regarded as at home are the forums where it is incorporated and where it has its principal place of business." *Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 132 (4th Cir. 2020).  It is only the "exceptional case" wherein "a corporation's operations in a forum other than its forum place of incorporation or principal place of business [are] so substantial and of such a nature as to render the corporation at home in that [s]tate." *Daimler AG v. Bauman*, 571 U.S. 117, 139 n.19 (2014)

In opposing Defendant's motion to dismiss, Plaintiffs contend that Defendant is subject to general jurisdiction in South Carolina because it is registered to do business in

this state.[2] [Doc. 9 at 3–5.] The Fourth Circuit in *Fidrych* plainly rejected the argument that "foreign corporations who chose to obtain a certificate of authority in South Carolina have consented to general jurisdiction in South Carolina." 952 F.3d at 135. Nonetheless, in support of their position, Plaintiffs argue that "[i]n *Mallory v. Norfolk Southern Railway*, 600 U.S. 122 (2023), the Supreme Court held that the Due Process Clause of the Fourteenth Amendment allows a state to hear any and all claims against a corporate defendant if that defendant is 'registered to do business' in the forum state." [Doc. 9 at 3 (emphasis omitted).] The Court does not agree.

*Mallory* held that because of particular language included in the Pennsylvania business registration statute, an individual employed by the defendant could sue his employer in Pennsylvania even though the employer was incorporated in Virginia and had its principal place of business there. *See Mallory*, 600 U.S. at 126, 134–36. As Judge Gergel explained in *In re Aqueous Film-Forming Foams Product Liability Litigation*, however, the specifics of the Pennsylvania registration were central to the decision in *Mallory*:

> A review of *Mallory* and the Pennsylvania business registration statute makes clear that the Supreme Court's ruling in *Mallory* is limited to the situation where a state's business registration statute provides that a foreign corporation must consent to personal jurisdiction within the state as a condition of doing business. Otherwise, *Mallory* would require any foreign corporation registered to do business within a state, regardless of where it was incorporated or had its principal place of business and regardless of its contacts with a state, to submit to personal jurisdiction within the state. This plainly exceeds the very limited scope of *Mallory*.

---

[2] Plaintiffs point out that "[i]n the present case, Avis Budget Car Rental, LLC, is an apparent subsidiary of [Defendant], and is registered as a Delaware corporation, having been registered in South Carolina in 2006." [Doc. 9 at 3.]

No. 2:18-2873-RMG, 2023 WL 6846676, at *5 (D.S.C. Oct. 17, 2023).  Unlike the Pennsylvania business registration statute at issue in *Mallory*, South Carolina's business regulation statute does not contain a provision requiring that an out-of-state corporation consent to jurisdiction in the state's courts as a condition of registering.  *See Fidrych*, 952 F.3d at 137–38.  Accordingly, *Mallory* does not apply here, and thus *Fidrych* controls and Defendant is not subject to general jurisdiction in South Carolina.  *See Aqueous Film-Forming Foams Product Liability Litigation*, 2023 WL 6846676, at *5.

**Specific Jurisdiction**

Defendant also is not subject to specific jurisdiction in South Carolina.  As the Eastern District of Virginia has recognized, "controlling Supreme Court and Fourth Circuit cases strongly suggest . . . that the [specific jurisdiction] analysis must be claim-specific." *Gatekeeper Inc. v. Stratech Sys., Ltd.*, 718 F. Supp. 2d 664, 666 (E.D. Va. 2010). In other words, "specific jurisdiction principles require each cause of action to arise from the defendant's contacts with the forum state." *Id.*  In this case, Plaintiffs' claims are unrelated to any business activities of Defendant's in South Carolina.  *See Fidrych*, 952 F. 3d at 140 ("[The defendant's] qualification to do business in South Carolina and its involvement in ninety hotels in the state have nothing to do with the claims asserted in this case [arising out of the rental of a hotel room located in Italy] and thus are not relevant to [specific jurisdiction].").  Plaintiffs' claims concern Defendant's alleged negligence in managing its business by renting a vehicle to Plaintiff in Kansas that had a stolen license tag or by failing to report that the tag had been received.

In arguing that Defendant is subject to specific jurisdiction, Plaintiffs emphasize that Jeffrey booked his travel plans from his home in South Carolina.  [Doc. 9 at 6.]

Plaintiffs contend that Defendant advertised on Priceline's website and that the "advertising reached" Jeffrey in South Carolina, prompting him to do business with Defendant. [*Id.*; *see* Doc. 9-2 ¶ 4.] However, the mere fact that Defendant advertised on a national website that Jeffrey saw is insufficient to support specific jurisdiction. *See Fed. Ins. Co. v. Lake Shore, Inc.*, 886 F.2d 654, 659 (4th Cir. 1989) (holding that a listing in a nationally distributed trade journal, by itself, was insufficient to confer personal jurisdiction); *Parkman v. Elam*, No. 3:08-cv-02701-CMC, 2008 WL 11462942, at *5 (D.S.C. Oct. 21, 2008) ("The mere fact that [the defendant] placed an advertisement in a national magazine which was seen by [the plaintiff] is not enough to support [specific] jurisdiction.").

Plaintiffs also argue that Jeffrey was in his home in South Carolina when he made his decision to do business with Defendant. [Doc. 9 at 6.] This argument fails as well because it is *Defendant's* contacts with South Carolina, not Plaintiffs', that must be the basis for specific jurisdiction. *See, e.g.*, *Parkman*, 2008 WL 11462942, at *4 ("[T]he mere existence of a contractual agreement between an in-state resident . . . and an out-of-state resident . . . is not sufficient to support personal jurisdiction in the forum state . . . where there is no evidence that the contract resulted from the out-of-state resident's purposeful actions directed toward availing himself of the benefits of doing business *in* South Carolina."); *see also Fidrych*, 952 F.3d at 140–43 (holding that the plaintiff's accessing Marriott's website from South Carolina to enter a contract to rent a hotel room in Italy did not subject Marriott to specific jurisdiction in South Carolina).

Accordingly, the Court agrees with Defendant that it is not subject to specific jurisdiction in South Carolina in this case. Defendant's motion to dismiss for lack of

personal jurisdiction is therefore granted, and the Complaint is dismissed without prejudice. *See Progressive Mins. LLC v. Rashid*, No. 5:07CV108, 2008 WL 4416408, at *6 (N.D.W. Va. Sept. 24, 2008) (noting that a dismissal for lack of personal jurisdiction must be without prejudice (citing 18A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure*, § 4436, at 168–70 (2d ed. 1990))).

## **CONCLUSION**

Wherefore, for these reasons, Defendant's motion to dismiss [Doc. 8] is GRANTED based on lack of personal jurisdiction, and the Complaint against Defendant is DISMISSED without prejudice.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

April 25, 2025
Greenville, South Carolina